IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICIA COOPER,
    Plaintiff,

vs.                                        3:09cv257/MCR/MD

JEFFERY OLIVER, et al.
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff Patricia Cooper's "motion for ex parte emergency injunction; or other relief; of imminent danger of irreperable (sic) harm and loss of home and possessions without statutory due process; and breach of contract under fair housing act" (doc. 10) which was filed in response to the court's order directing her to amend her petition for relief.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Plaintiff's pleading, in addition to failing to adhere to these standards, is subject to dismissal because the relief she seeks is inextricably related to an ongoing landlord tenant dispute in state court.

Federal Courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971);

*see also*, *Hicks v. Miranda*, 422 U.S. 332, 349 *(1975); Luckey v. Miller,* 976 F.2d 673 (11th Cir. 1992). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*. Although the *Younger* abstention doctrine usually applies in cases involving criminal prosecution or the criminal justice system, it can apply to pending civil proceedings that are akin to a criminal prosecution, as well as in a strictly civil context, such as the plaintiff's case. *Wexler v. Lepore,* 385 F.3d 1336, 1339 (11th Cir. 2004) (citations omitted).

The Younger abstention doctrine is not triggered unless the federal injunction would create an "undue interference with state proceedings." *Wexler*, 385 F.3d 1339 (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989) ("NOPSI") (citing *Younger*, 91 S.Ct. at 751)). In addition, the state proceedings at issue must involve "certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions ... it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." *Wexler*, 385 at 1339 (citing *NOPSI*, 109 S.Ct. at 2518).

In this case, plaintiff explains in her motion that she had an agreement with her landlord, defendant Jeff Oliver with respect to the amount and timing of rent to be paid for the mobile home where she and her daughter resided. After several months, it appears that a dispute arose between plaintiff and defendant Oliver over the payment of rent, and over plaintiff's unwillingness to "trade" Mr. Oliver some property she and her daughters owned in exchange for the mobile home. Mr. Oliver began a vindictive campaign of harassment, and filed eviction paperwork in the state

court, which is currently pending. Plaintiff claims that the judge in the state court proceedings has engaged in ex parte communications and now seeks an injunction to stop the removal of her and her daughter from her house because she has been denied her rights under state law. She claims that she is a disabled American citizen, although in another portion of her pleading states that she has been informed that her parents may not even have been citizens. In any event, it is clear that what the plaintiff seeks is this court's intervention in the ongoing state landlord tenant action, a request that is improper under *Younger* and its progeny.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed and the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of September, 2009.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:09cv257/MCR/MD*